**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SUBURBAN LEISURE CENTER,** | ) | |
| **INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV188-DJS |
| | ) | |
| **AMF BOWLING PRODUCTS, INC.** | ) | |
| **and AMF BILLIARDS &** | ) | |
| **GAMES LLC,** | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Now before the Court is defendants' motion to dismiss or in the alternative to compel arbitration and stay proceedings. The parties entered into two agreements -- an oral franchise agreement and a written e-commerce agreement. Plaintiff filed suit alleging that defendants breached the parties' franchise agreement. Defendants assert that the matter should be sent to arbitration because the face of the e-commerce agreement, the later of the two agreements, indicates that it supercedes all previous agreements and requires the parties to submit to binding arbitration to determine disputes or claims arising under the e-commerce agreement. However, plaintiff's claims do not arise under the e-commerce agreement. Therefore, this suit is not referable to arbitration under the agreement.

The following facts are undisputed for the purposes of defendants' motion to dismiss or in the alternative to compel

arbitration and stay proceedings.  Plaintiff entered into an oral franchise agreement with defendants whereby plaintiff agreed to sell defendants' line of pool tables and accessories and defendants granted plaintiff a license to use defendants' trade name, trademark, and service mark in the sale and promotion of the pool tables and accessories.  After the oral agreement, the parties entered into a written e-commerce agreement whereby plaintiff agreed to install and service pool tables ordered through defendants' website.

The e-commerce agreement includes an integration clause which states that "This Agreement constitutes the entire agreement between the parties and supersedes all prior agreement [sic], oral and written."  (Compl. [Doc. #1.2] at 23.)  The e-commerce agreement also includes an arbitration clause which states that "The determination of any dispute or claim *arising under* the Agreement or any invoice or agreement executed pursuant to this Agreement will be settled by binding arbitration in Richmond, Virginia." (Compl. [Doc. #1.2] at 22 (emphasis added).)  The Court also notes that the parties' e-commerce agreement includes a choice of law clause and selects Virginia law.  (Compl. [Doc. #1.2] at 23.)

Defendants filed this motion pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2.  The FAA provides in part that "a written provision in . . . a contract evidencing a

transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable . . . ." 9 U.S.C. § 2. "The purpose of the FAA was to reverse judicial hostility to arbitration agreements and to place arbitration agreements on equal footing with other contracts." <u>Keymer v. Mgmt. Recruiters Int'l, Inc.</u>, 169 F.3d 501, 504 (8th Cir. 1999). However, "[a] matter should not be sent to arbitration unless there is a valid agreement to arbitrate and the underlying dispute falls within the scope of that agreement." <u>Telectronics Pacing Sys., Inc. v. Guidant Corp.</u>, 143 F.3d 428, 433 (8th Cir. 1998).

Plaintiff filed suit asserting that defendants violated Missouri Law by cancelling the franchise agreement without proper notice and requests that the Court order defendants to allow plaintiff to recoup the assets it invested in promoting defendants' products. Defendants' letter of August 25, 2005 (Compl. Ex. A [Doc. # 1.2] at 17), cancelling the agreement, requires plaintiff to cease the promotion of defendants' products after 60 days, during which time plaintiff could prepay for any additional orders. This dispute does not arise under the e-commerce agreement. The e-commerce agreement does not discuss plaintiff's ability to promote or sell defendants' products. Therefore, the Court does not address whether the integration clause of the e-commerce agreement

terminated the parties' oral franchise agreement,[1] and the Court will deny defendants' motion, as the arbitration clause is inapplicable to this dispute.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss or in the alternative to compel arbitration and stay proceedings [Doc. #4] is denied.

Dated this ___13th___ day of March, 2006.

                                                          /s/Donald J. Stohr  
                                                        UNITED STATES DISTRICT JUDGE

---

[1] Although the integration clause of the e-commerce agreement may constitute a potential defense to plaintiff's claim, it does not provide a basis for referring this matter to arbitration.