UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUBURBAN LEISURE CENTER, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 4:06CV188-DJS ) |
| AMF BOWLING PRODUCTS, INC. and AMF BILLIARDS & GAMES LLC, | ) ) ) ) |
| Defendants. | ) ) |

### ORDER

Now before the Court is defendants AMF Bowling Products, Inc. and AMF Billiards & Games, LLC's motion to strike plaintiff Suburban Leisure Center, Inc.'s prayer for attorneys' fees [Doc. #38]. Although the motion is styled as a motion to strike, the Court finds that the motion seeks to dismiss plaintiff's prayer for attorneys' fees, and the Court will treat defendants' motion as a motion to dismiss. The motion has been fully briefed and is ready for disposition.

### Standard of Review

In considering a motion to dismiss, the Court must assume all the facts alleged in the complaint are true, and must liberally construe the complaint in the light most favorable to the plaintiff. Schmedding v. Tnemec Co., 187 F.3d 862, 864 (8th Cir. 1999). A motion to dismiss should not be granted unless it

appears, beyond a doubt, that the plaintiff can prove no set of facts which would allow relief.  Id.  Thus, as a practical matter, a motion to dismiss should be granted only in the unusual case in which a plaintiff includes, or fails to include, allegations that show, on the face of the complaint, some insuperable bar to relief. Id.

**Facts**

The following facts are undisputed for the purposes of defendants' motion.  Plaintiff entered into an oral franchise agreement with defendants, whereby plaintiff agreed to sell defendants' line of pool tables and accessories and defendants granted plaintiff a license to use defendants' trade name, trademark, and service mark in the sale and promotion of the pool tables and accessories.  After the oral agreement, the parties entered into a written e-commerce agreement whereby plaintiff agreed to install and service pool tables ordered through defendants' website.  Plaintiff alleges that defendants thereafter violated Missouri law by cancelling the franchise agreement without proper notice.

**Discussion**

Plaintiff's petition contains two counts.  Count I asserts a claim for cancellation of its franchise with defendants without the statutorily required notice, and Count II asserts a claim of recoupment.  Both counts include a prayer asking for,

among other relief, attorneys' fees. However, defendants argue that Missouri law does not provide for recovery of attorneys' fees in this case.

Missouri law controls this diversity action. Pursuant to Missouri law,

> A franchisee suffering damage as a result of the failure to give notice as required of the cancellation or termination of a franchise, may institute legal proceedings under the provisions of sections 407.400 to 407.420 against the franchisor.... When the franchisee prevails in any such action in the circuit court, he may be awarded a recovery of damages sustained to include loss of goodwill, costs of the suit, and any equitable relief that the court deems proper.

Mo. Rev. Stat. 407.410.2. This statute does not specifically contemplate attorneys' fees as recoverable damages. Nevertheless, plaintiff argues that Missouri courts have interpreted similar statutory language, specifically the language of the Missouri Declaratory Judgment Act, to include recovery for attorneys' fees.

Missouri "follows the 'American Rule' which is that with few exceptions, absent statutory authorization or contractual agreement, each litigant must bear the expense of his own attorney's fees." Washington Univ. v. Royal Crown Bottling Co., 801 S.W.2d 458, 468 (Mo. App. 1990). Nevertheless, a trial court may award attorneys' fees under "special circumstances" or under "very unusual circumstances." See id. at 468-69. Consequently, while Missouri courts have awarded attorneys' fees in declaratory judgement actions, the relevant inquiry does not focus on

3

interpreting the language of the Missouri Declaratory Judgment Act, but rather whether special or unusual circumstances exist in the case. See id. at 469 (noting that the Missouri Supreme Court has been "careful to limit the [declaratory judgment action exception] to one of 'special circumstances'"). Further, absent clear statutory authorization or a contractual agreement, to recover attorneys' fees, "attorney's fees should not only be specifically prayed for...but also the facts giving rise to such relief should be pleaded." Id. at 469–70. "Attorney's fees are special damages, which must be specifically pleaded in order to be recovered." Id. at 470 (citation omitted).

In this case, there is no evidence of a contractual agreement that contemplates an award of attorneys' fees, nor is there an explicit statutory authorization of attorneys' fees. Further, plaintiff has not pleaded the existence of special circumstances or very unusual circumstances that would give rise to an exception to the American Rule regarding attorneys' fees. Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to strike plaintiff's request for attorneys' fees [Doc. #38] is construed as a motion to dismiss plaintiff's prayer for attorneys' fees, and is granted.

**IT IS FURTHER ORDERED** that plaintiff's prayer for attorneys' fees is dismissed without prejudice from Counts I and II.

Dated this ___12th___ day of March, 2008.

                                        /s/Donald J. Stohr
                                        UNITED STATES DISTRICT JUDGE